| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>*Counsel for Naya Stone, LLC.*<br>**DANIEL M. STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.**<br>*dstolz@genovaburns.com*<br>*dclarke@genovaburns.com* | |
| In re:<br><br>NAYA STONE, LLC,<br><br>              Debtor. | Chapter 11, Subchapter V<br><br>Hon. Vincent F. Papalia<br><br>Case No.: 24-20223 (VFP) |

### DECLARATION OF DANIEL M. STOLZ, ESQ. IN SUPPORT OF MOTION OF GENOVA BURNS LLC TO BE RELIEVED AS COUNSEL FOR DEBTOR

DANIEL M. STOLZ, being of full age and having been duly sworn according to law, hereby deposes and says:

1.  I am an attorney admitted to practice law before the State and Federal Courts of the State of New Jersey. I am also admitted to practice before the Third Circuit Court of Appeals and the United States Supreme Court.

2.  I am a partner at the firm of Genova Burns LLC ("GB") and chair of its bankruptcy and creditors' rights department.

3.  In April of 2025, I was contacted by Avraham Dahan ("Mr. Dahan") in connection with his efforts to retain substitute counsel to represent his company, Naya Stone LLC ("Naya") in its ongoing Chapter 11 proceeding.

1

4. Mr. Dahan advised me that he was not satisfied with his then counsel in the Chapter 11 case and had been recommended to your declarant as potential substitute counsel.

5. Mr. Dahan and I engaged in a number of conversations, some of which were joined by his litigation counsel, Michael M. Cohen, Esq., prior to the time I agreed that GB would substitute in as counsel for Naya in its Chapter 11 case. During those initial conversations, I asked Mr. Dahan whether he was committed to taking all the actions that were necessary to confirm a plan of reorganization in the Naya Chapter 11 case. I advised Mr. Dahan, from the outset, that I prided myself on the manner in which my current and past firms have responsibly handled chapter 11 cases and obtained confirmation of chapter 11 plans in almost every one of the cases where we represented the debtor.

6. I also expressed a concern about the manner in which GB could be assured that it would be compensated for the services it would be rendering during the Chapter 11 case. Mr. Dahan offered that not only would Naya be responsible for our fees, but that he personally would be responsible for payment of our fees, should Naya be unable to do. Mr. Dahan asked that I personally appear at all hearings before the Court, if possible, acknowledging that my hourly rate is substantially higher than others in our firm. Ultimately it was agreed that GB would discount its normal hourly rates by a small amount and would immediately apply to the Court to be retained as substitute counsel for Naya.

7. Because our initial attorney/client relationship seemed solid and Mr. Dahan expressed great admiration for my reputation as a bankruptcy lawyer, I believed I could establish a productive working relationship with Mr. Dahan, even though prior counsel had been unable to do so.

8. Unfortunately, in the last month or so a fracture of the attorney/client relationship between Mr. Dahan and GB has arisen, which impairs and will continue to impair GB's ability to effectively represent Naya in its Chapter 11 case.

9. On September 9, 2025, GB obtained an award of fees and expenses for the first three months of GB's representation of Naya's in its Chapter 11 case. Neither Naya nor Mr. Dahan raised any objections to the requested fees, nor sought to discuss the requested fees with the undersigned in any manner.

10. Following the entry of the fee award, Mr. Dahan assured me that the fees would be paid promptly. After some delay, Mr. Dahan advised that, although he was personally responsible for the payment of GB's fees, he had been advised that there would be some tax benefit if he could pay the fees through Naya. He asked for "a couple of weeks" to develop sufficient funds in Naya to pay the fees.

11. After I pursued Mr. Dahan repeatedly for payment, he paid a portion of the fees, promising that the remainder would be paid promptly. Despite numerous requests for payment, Mr. Dahan has failed to pay the balance of the fees due under GB's first fee award.

12. We note that Naya has been paying the fees to the Subchapter V Trustee on a timely basis. We also note that, since the period covered by the first fee award, GB has generated substantial fees and expenses in connection with the representation of Naya in its Chapter 11 case.

13. Despite repeated requests, Naya has been chronically delinquent in the filing of its monthly operating reports. Emails to Mr. Dahan about the reports have largely been met with no response. Only when a hearing before the Court is imminent does Mr. Dahan respond and file the required reports.

14. When GB first became engaged as counsel for Naya, Mr. Dahan expressed displeasure with the Chapter 11 plan which had been filed by prior counsel. Donald Clarke and Jaclynn McDonnell of my firm took the time to discuss the plan with Mr. Dahan and comprehensively redrafted the plan. The redrafted plan was forwarded to Mr. Dahan for review and comment in August.

15. Despite countless written and verbal requests, GB has received absolutely no response from Mr. Dahan to the revised plan.

16. Unfortunately, as a result of the foregoing, the attorney/client relationship between Mr. Dahan/Naya and GB has deteriorated to a point which is likely beyond repair.

17. While I am fond of Mr. Dahan on a personal basis, it does not appear that he is prepared to work with GB in a productive manner to resolve the remaining tasks necessary to allow Naya to emerge from Chapter 11.

18. Based upon the foregoing, Genova Burns LLC respectfully requests that this Court enter an Order relieving Genova Burns LLC from its representation of Naya Stone LLC in this Chapter 11 case, permitting Genova Burns LLC to seek allowance from this Court of all fees due and owing, retaining this Court's jurisdiction to compel payment of awarded fees, and for such other and further relief as is just and equitable.

Dated: November 3, 2025                              /s/ *Daniel M. Stolz*
                                                     DANIEL M. STOLZ